UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

MELISSA KLOTKA
15205 Westover Road
Elm Grove, Wisconsin 53122

       Plaintiff,

v.

ONLINE TRADING ACADEMY
10850 West Park Place, Suite 120
Milwaukee, Wisconsin 53224

       Defendant

Case No.: 19-cv-328

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff, Melissa Klotka, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides and/or operates its business in the Eastern District of Wisconsin and the unlawful

employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Melissa Klotka, is an adult female resident of the State of Wisconsin with a post office address of 15205 Westover Road, Elm Grove, Wisconsin 53122.

5. Defendant, Online Trading Academy, was, at all material times herein, a commercial entity with a principal address of 10850 West Park Place, Suite 120, Milwaukee, Wisconsin 53224

6. Defendant is a privately-owned company that provides on location, online, and on-demand educational investment services to individuals.

7. Defendant owns, operates, and manages numerous locations throughout the United States, including in the State of Wisconsin (hereinafter Defendant's "Milwaukee, Wisconsin" location).

8. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

9. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

10. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

11. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

12. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant as these terms are defined under the FLSA and the WWPCL.

13. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

## GENERAL ALLEGATIONS

14. In approximately early May 2018, Defendant hired Plaintiff as an Education Counselor.

15. During the entirety of Plaintiff's employment with Defendant in the position of Education Counselor, Plaintiff's primary job duty was to make sales directly to Defendant's customers at Defendant's Milwaukee, Wisconsin location and/or in an office setting.

16. During the first ninety (90) days, or approximately three (3) months, of Plaintiff's employment with Defendant in the position of Education Counselor, Defendant compensated Plaintiff with a salary of $4,000.00 per month for any and all hours worked and work performed at its direction, with its knowledge, on its behalf, and/or for its benefit.

17. Subsequent to the first ninety (90) days, or approximately three (3) months, of Plaintiff's employment with Defendant in the position of Education Counselor, Defendant compensated Plaintiff with exclusively commission-based payments pursuant to an agreed-upon formula for any and all hours worked and work performed at its direction, with its knowledge, on its behalf, and/or for its benefit.

18. During Plaintiff's employment with Defendant in the position of Education Counselor, Plaintiff reported directly to Rick Rogowski, Education Director, and Scott Turriff, Owner.

19. During Plaintiff's employment with Defendant, Defendant did not have an established workweek for FLSA and/or WWPCL purposes.

20. During Plaintiff's employment with Defendant, Defendant compensated her on a monthly or bi-monthly basis.

21. During Plaintiff's employment with Defendant in the position of Education Counselor, Plaintiff frequently worked in excess of forty (40) hours per workweek.

22. During Plaintiff's employment with Defendant in the position of Education Counselor and in approximately July 2018, Rogowski instructed Plaintiff that she needed to physically be in Defendant's office (located in Milwaukee, Wisconsin) performing her job duties from approximately 7:00 a.m. or 7:30 a.m. to 4:30 p.m. or 5:00 p.m., at least five (5) days per week.

23. On or about November 27, 2018, Plaintiff's employment with Defendant ended.

24. During the entirety of Plaintiff's employment with Defendant in the position of Education Counselor, Plaintiff performed non-exempt job duties under the FLSA and WWPCL.

25. During the entirety of Plaintiff's employment with Defendant in the position of Education Counselor, Defendant's compensation classification of Plaintiff was "exempt" for purposes of the FLSA and WWPCL. However, in reality and during her employment with Defendant, Plaintiff was a non-exempt employee under the FLSA and WWPCL.

26. During the entirety of Plaintiff's employment with Defendant in the position of Education Counselor, Plaintiff performed her job duties at the direction of Defendant: she was given specific instructions as to how to perform her job duties and/or she performed her job duties within the prescribed procedures and/or limits established by Defendant.

27. On a daily basis during Plaintiff's employment with Defendant in the position of Education Counselor, Plaintiff performed her job duties in an office setting.

28. During Plaintiff's employment with Defendant in the position of Education Counselor, Plaintiff did not customarily and regularly direct the work of at least two of Defendant's employees.

29. During Plaintiff's employment with Defendant in the position of Education Counselor, no employees of Defendant reported directly to her.

30. During Plaintiff's employment with Defendant in the position of Education Counselor, Plaintiff did not have the authority or ability to hire, terminate, suspend, demote, or promote Defendant's employees or to establish the terms and conditions of employment of Defendant's employees.

31. During Plaintiff's employment with Defendant in the position of Education Counselor, Plaintiff did not customarily and regularly exercise discretion or independent judgment in the performance of her job duties.

32. During Plaintiff's employment with Defendant in the position of Education Counselor, Plaintiff's primary job duties did not directly relate to Defendant's management or general business operations.

33. During Plaintiff's employment with Defendant in the position of Education Counselor, Plaintiff did not, in the performance of her job duties, compare or evaluate possible courses of conduct and did not act or make decisions regarding matters of significance after considering various possibilities.

34. During Plaintiff's employment with Defendant in the position of Education Counselor, Plaintiff did not, in the performance of her job duties, have authority to make an independent choice, free from immediate direction or supervision, or to waive or deviate from Defendant's established policies and/or procedures without Defendant's prior approval.

35. During Plaintiff's employment with Defendant in the position of Education Counselor, Plaintiff's job duties did not require advanced knowledge, prolonged or specialized intellectual instruction, or invention, imagination, originality, or talent.

36. During Plaintiff's employment with Defendant in the position of Education Counselor, Plaintiff's job duties did not require her to perform specialized or technical work and did not require her to have special training, experience, and/or knowledge.

37. During the entirety of Plaintiff's employment with Defendant in the position of Education Counselor, Plaintiff did not spend the majority of her time each workweek making sales directly to Defendant's customers outside of Defendant's Milwaukee, Wisconsin location and/or outside of an office setting.

38. During Plaintiff's employment with Defendant in the position of Education Counselor and during the first ninety (90) days, or approximately three (3) months, of her employment, Defendant did not compensate Plaintiff with commission-based payments that exceeded at least half of her total earnings in a representative period.

39. During Plaintiff's employment with Defendant in the position of Education Counselor and subsequent to the first ninety (90) days, or approximately three (3) months, of her employment, Defendant did not (timely) compensate Plaintiff with a regular rate of pay of at least $10.875 for every hour worked beyond forty (40) hours each workweek.

40. During Plaintiff's employment with Defendant in the position of Education Counselor, Defendant did not establish a "representative period," as that phrase is used in the FLSA and WWPCL, relating to Plaintiff's commissioned-based payments prior to Plaintiff's performance of the work.

41. During Plaintiff's employment with Defendant in the position of Education Counselor, Defendant did not keep or maintain records of Plaintiff's actual hours worked each workweek.

42. During Plaintiff's employment with Defendant in the position of Education Counselor, Defendant did not keep or maintain: a symbol, letter, or other notation in Plaintiff's payroll records identifying her compensation status in accordance with a legally-recognized exemption under the FLSA and/or WWPCL; and, a written agreement or understanding summarizing the terms, methods, and basis of Plaintiff's compensation status.

43. During Plaintiff's employment with Defendant in the position of Education Counselor, Plaintiff was not highly compensated or highly commissioned employee.

44. During Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to work without appropriately and lawfully compensating her for all hours worked in a workweek, including but not limited to: (1) at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek; (2) at the agreed-upon salary of $4,000.00 per month for any and all work performed during the first ninety (90) days, or approximately three (3) months, of her employment; and (3) with agreed-upon commission payments pursuant to the agreed-upon formula for any and all work performed subsequent to the first ninety (90) days, or approximately three (3) months, of her employment.

45. During Plaintiff's employment with Defendant, Plaintiff's paychecks did not properly or lawfully compensate her for all hours worked in a workweek.

46. Defendant knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendant suffered or permitted her to work) in a workweek in accordance with the FLSA and WWPCL.

47. Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been aware.

48. Defendant owes Plaintiff earned and unpaid wages for work performed during Plaintiff's employment with Defendant for which Plaintiff was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

### FIRST CAUSE OF ACTION – FLSA VIOLATIONS
### (OVERTIME PAY – MISCLASSIFICATION)

49. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

50. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

51. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

52. At all times material herein, Plaintiff primarily performed non-exempt job duties in each workweek while she was employed by Defendant and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

53. Defendant intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek.

54. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed was willfully perpetrated. Defendant has neither acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of

the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

55. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendant.

56. Plaintiff is entitled to damages equal to the overtime compensation due and owing to her within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendant.

57. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

## SECOND CAUSES OF ACTION – WWPCL VIOLATIONS
### (OVERTIME PAY – MISCLASSIFICATION; FAILURE TO PAY AN AGREED UPON WAGE)

58. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

59. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

60. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

61. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

62. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at an overtime rate of pay and at a previously agreed-upon rate of pay.

63. During Plaintiff's employment with Defendant, Plaintiff primarily performed non-exempt job duties in each workweek and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

64. During Plaintiff's employment with Defendant, Plaintiff worked hours in excess of forty (40) per workweek for which she was not compensated with overtime premium pay in accordance with the WWPCL.

65. During Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff for all hours worked and work performed, including but not limited to at an agreed-upon wage as defined in Wis. Stat. § 109.01(3), by failing to compensate her with agreed-upon salary and commission payments for all hours worked and work performed during her employment with Defendant.

66. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

67. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

68. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid wages, including but not limited to overtime wages and agreed-upon wages, for pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff liquidated damages against Defendant;

3. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 5th day of March, 2019

                      WALCHESKE & LUZI, LLC
                      Counsel for Plaintiff

                      **s/ *Scott S. Luzi***
                      James A. Walcheske, State Bar No. 1065635
                      Scott S. Luzi, State Bar No. 1067405
                      David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com